In the Matter of the Petition of SYRACUSE GRADE CROSSING COMMISSION, under Chapter 439 of the Laws of 1926, as Amended by Chapter 825 of the Laws of 1928, as to Elimination of Grade Crossings of Streets and Avenues (Including Lengthwise Occupation) by Railroads Owned and Railroads Operated by THE NEW YORK CENTRAL RAILROAD COMPANY and as to Plan and Modification of Plan Therefor.

(Case No. 4977 — Salaries of SYRACUSE GRADE CROSSING COMMISSIONERS.)

CITY OF SYRACUSE, Appellant; PUBLIC SERVICE COMMISSION, Respondent.

Fourth Department, March 9, 1938.

*James C. Tormey, Corporation Counsel* [*Arthur M. Beach* of counsel], for the city of Syracuse, appellant.

*Gay H. Brown, Counsel to Public Service Commission,* for the respondent.

*Hiscock, Cowie, Bruce & Lee* [*Maurice F. Lane* of counsel], for the New York Central Railroad Company.

*Truman H. Preston, County Attorney,* for the county of Onondaga.

CUNNINGHAM, J. This is an appeal from an order of the Public Service Commission refusing to allow the salaries of the grade crossing commissioners of the city of Syracuse, to be included as a part of the cost of the elimination of the grade crossings of the New York Central railroad in such city.

The act of 1926 (Chap. 439) provided that the expense of the Syracuse grade crossing commission and the compensation of the persons employed by it should " be paid by the city." There is not any provision in the act of 1926 permitting the Public Service Commission to include any portion of the expenses of the commission in the cost of the elimination of the grade crossings. That act provided that the commissioners should serve without pay.

The Laws of 1928 (Chap. 825) revised and amended the previous grade crossing elimination act of the city of Syracuse. The later act provided that the city of Syracuse was " authorized to pay to the commissioners " salaries in such amounts and for such periods of time as the board of estimate and apportionment might determine. It was also provided that " the expense of the commission, including the compensation of persons employed by it, shall be paid in the first instance from funds to be provided by such city." And further that " the expense of the commission in connection with any plan for grade crossing elimination, or any part of such expense, may be determined by the Public Service Commission to be a part of the cost of the grade crossing elimination covered by such plan. "

It will be difficult to find in this act any intention upon the part of the Legislature to provide that the city should be reimbursed for

the amount of salaries paid by it to the commissioners. The act authorizes the city to pay the commissioners. The act further reads that "the expense of the commission, including the compensation of persons employed by it, shall be paid *in the first instance* from funds to be provided by such city." The expense that may be determined by the Public Service Commission to be a part of the cost of the grade crossing elimination is directed to be paid by the city "*in the first instance*," while the salaries of the commissioners are to be paid by the city. The difference in phraseology seems to indicate that the salaries of the commissioners are not a part of the expense of the commission which may be included in the cost of the eliminations.

The Public Service Commission held that even if the statute permitted the salaries of the Syracuse commissioners to be included as a part of the cost of the elimination of grade crossings, that, in its judgment, the amount of such salaries was not a proper item to be added to the cost of the elimination of the grade crossings of the New York Central railroad. This action was taken in good faith.

The Public Service Commission is given power to determine that the expense of the Syracuse commission or "any part of such expense" shall be included in the cost of the elimination of grade crossings.

This provision of the statute empowers the Public Service Commission to decide that only part of the expense of the Syracuse commission shall be added to the cost of the elimination of grade crossings and to determine that certain items of expense shall be added and certain items of expense shall be excluded. When it takes such action in good faith, its action must be upheld.

The order of the Public Service Commission should be affirmed, with costs.

All concur, except LEWIS, J., not voting. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Order affirmed, with costs.